Filed 12/18/15  P. v. McGaughy CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B263748 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA088805) |
| v. | |
| CHARLES McGAUGHY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Deborah S. Brazil, Judge.  Affirmed.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to a negotiated agreement, Charles McGaughy pled no contest to a charge of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] and admitted that he suffered a prior strike conviction (§ 667, subds. (b)-(j)). As agreed, the trial court sentenced McGaughy to an aggregate term of six years in state prison comprised of a middle term of three years, doubled pursuant to the Three Strikes law. We affirm the judgment in accord with the procedures established in *People v. Wende* (1979) 25 Cal.3d 346.

## DISCUSSION[2]

On January 3, 2014, McGaughy and his two brothers, Tyrone and Michael, drove to Memorial Park in Hawthorne where they approached Monte Henderson and Treshawn Phillips. One of the McGaughy brothers asked, "Where are you from?" and another or the same brother called out, "Playboy Crips!" Someone tried to punch Henderson, but he was able to run away. The three McGaughy brothers then began punching Phillips.

Tayshawn Craig and Victor Boyd were in the park, saw the attack, and ran over to help Phillips. McGaughy pulled a "small caliber" revolver, "possibly a .22," from his waistband and fired it at Craig, but did not hit anything. McGaughy and Craig struggled over the gun in the midst of a "fight" between everybody at the scene. Eventually, police arrived and detained almost everyone in the area, save for those who had run away when the police started arriving. Craig said McGaughy had fired a shot him, and told officers that McGaughy had given the gun to someone who had run from the scene. Police apprehended Michael a few minutes later a short distance from the park, after he had been out of sight for a brief period. No gun was recovered, but six .22 caliber bullets were found in McGaughy's SUV which was parked nearby.

---

[1]     All further statutory references are to the Penal Code.

[2]     The facts are summarized from the preliminary hearing transcript as McGaughy entered a plea before trial.

In November 2014, the People filed an information charging McGaughy with assault with a firearm (count 1; § 245, subd. (a)(2)) and possession of a firearm by a felon (count 2; § 29800, subd. (a)(1)). The information alleged both offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)), and that, as to count 1, McGaughy personally used a firearm (§ 12022.5, subd. (a)). The information alleged that McGaughy had a prior conviction in 2006 for assault with a firearm which qualified as a prior serious felony (§ 667, subd. (a)) and a prior strike conviction (§ 667, subds. (b)-(j)), and that he had a separate prior conviction with a prison term (§ 667.5, subd. (b)).[3]

On January 6, 2015, McGaughy filed a motion to dismiss the alleged prior strike pursuant to *People v. Superior Court (Romero)* 13 Cal.4th 497 (*Romero*). McGaughy's motion was supported by exhibits in the form of school records and recommendations of teachers at Los Angeles Trade Tech College. Those materials showed that McGaughy had performed well in his automotive repairs classes (mostly As and Bs, and a Dean's Honor Award) and that his teachers recognized him as a person of good character.

On February 17, 2015, McGaughy agreed to plead to count 1 and to admit the prior strike allegation in accord with a plea agreement. McGaughy signed a standard form "Felony Advisement of Rights, Waiver, and Plea," and initiated the form adjacent to advisements of his constitutional trial rights. The trial court dismissed count 2 and all of the other allegations, and sentenced McGaughy in accord with his plea agreement to a three-year middle term, doubled to six years for the strike. McGaughy received 410 days of actual custody credits, and 410 days of good conduct credits.

---

[3] Tyrone McGaughy and Michael McGaughy were also charged with charged the assault with a firearm alleged in count 1, and, as to them more generally, the information alleged that a principal personally used a firearm (§ 12022.53, subds. (b), (e)(1)). They entered pleas to count 1 pursuant to their own separate plea agreements.

McGaughy filed a timely notice of appeal based on the sentence or other matters occurring after the plea.[4] We appointed counsel to represent McGaughy on appeal. On September 14, 2015, appointed counsel filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting we independently review the record on appeal for any arguable issues. We notified McGaughy by letter that he could submit any claim, argument or issues that he wished our court to review. On November 5, 2015, McGaughy filed a letter brief. We understand McGaughy's letter brief to raise four claims of error which we address here.

McGaughy contends he "was not advised of his constitutional rights or of the consequences of [his] guilty plea." This claim of error is not supported by the record. The record shows that McGaughy signed a standard form "Felony Advisement of Rights, Waiver, and Plea," and initialed the form next to advisements of his constitutional trial rights.[5] Further, the record shows that the trial court carefully reviewed the plea form with McGaughy, questioning whether he understood the form and whether he had affixed his initials "in the boxes" adjacent to the advisement of his constitutional rights. We are satisfied that McGaughy knowingly and willingly waived his constitutional rights. The plea form also included an explanation of the consequences of his plea. We thus reject any error in this regard.

McGaughy "respectfully asks [our] court . . . to dismiss [his] prior strike." Here, we construe McGaughy's letter brief to raise an argument that the trial court erred in not granting his *Romero* motion. We disagree. McGaughy entered into a negotiated plea agreement under which he accepted a six-year sentence which included a three-year mid-term, doubled for his prior strike. By accepting such a plea agreement, he effectively

---

[4] McGaughy's notice of appeal also indicated that he desired to challenge the validity of his plea. Any such claim is not reviewable on appeal because the trial court denied his request for a certificate of probable cause. (§ 1237.5.)

[5] We ordered the superior court to transmit McGaughy's felony advisement of rights, waiver, and plea form to our court. On our own motion, we augment the record to include a copy of the form.

4

ceded his *Romero* motion, which had not been ruled upon before he agreed to the plea. Had the trial court denied the *Romero* motion before the plea hearing, and had McGaughy's plea agreement preserved the issue of *Romero* error, we might view the present issue differently. However, having accepted the plea and sentence based on use of his prior strike, we find no *Romero* error.

McGaughy next contends that the trial court erred in "rely[ing]" on his prior strike to double his sentence. Here, McGaughy seems to assert that his underlying prior strike conviction was obtained by plea, and that the plea was obtained in violation of his constitutional rights. He cites *Burgett v. Texas* (1967) 389 U.S. 109 (*Burgett*) and states: "If the defendant could establish the prior convictions were invalid, he was entitled to be resentenced." We see no error.

*Burgett* was decided four years after *Gideon v. Wainwright* (1963) 372 U.S. 335, and established the constitutionally-founded rule that states are required to provide a lawyer to an indigent defendant in a criminal case. In *Burgett*, the United States Supreme Court ruled that a Texas state court unconstitutionally relied on a prior felony conviction to invoke the state's recidivist offender law, where "the certified records of the conviction on their face raise[d] a presumption that [the defendant] was denied his right to counsel in the [prior] proceeding, and therefore that his conviction was void." (*Burgett, supra*, 389 U.S. at pp. 114-115.) We see nothing in McGaughy's current case tending to support his implicit assertion that he did not have a lawyer when he was convicted in his prior case.

McGaughy's final contention is that "[n]o evidence . . . that a firearm was used" was presented in his case "by any witness under penalty of perjury." We find no error. McGaughy's claim appears to attack the sufficiency or competency of the evidence in his case. Any such claim was foregone when McGaughy agreed to plead guilty before trial, admitting a factual basis for the charged offense. Nevertheless, there is sufficient evidence that a firearm was used. City of Hawthorne Police Department Detective Keith Chaffin testified under oath at the preliminary hearing. He testified that he responded to the events in Memorial Park and that he spoke to two witnesses, Treshawn Phillips and Tayshawn Craig. Both say that they saw McGaughy pull out a handgun and fire it.

5

The use of such testimony by a police officer, given under oath, has been permitted in this state since the voters approved Proposition 115 in 1990. (See Cal. Const., art. 1, § 30, subd. (b); and see also § 872, subd. (b); and see generally *People v. Miranda* (2000) 23 Cal.4th 340, 347-354.)

We have reviewed the record on appeal, and find that McGaughy's appointed counsel has fulfilled her duty, and that no arguable issue exists. (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

### DISPOSITION

The judgment is affirmed.

                                                            BIGELOW, P. J.

We concur:


        RUBIN, J.


        FLIER, J.